# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING SAVINGS BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY BANKCORPORATION, et al.,<br><br>    Defendant. | NO. CV-11-0224-JLQ<br><br><br><br>**MEMORANDUM OPINION and ORDER ON MOTIONS** |
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    Intervenor-Plaintiff,<br><br>vs.<br><br>MICHAEL C. WORTHY, et al.,<br><br>    Intervenor-Defendants. | |

On October 7, 2011 the court heard oral argument on the pending motions. Certain Defendants[1] (hereinafter referred as "the Moving Defendants") have filed a Motion to Compel Mediation or for Remand (**ECF No. 36**) and Motion to Stay Proceedings and for Clarification (**ECF No. 49**). The Moving Defendants were represented at oral argument by Stephen Leatham. Also before the court is Intervenor-

---

[1] The Moving Defendants are: Clark County Bancorporation (the holding company for the Bank of Clark County) and ten individual Holding Company/Bank officers and directors: Adelman, Bishop, Cook, Creedon, Koplan, Miller, Prill, Walker, White, and Worthy.

ORDER - 1

Plaintiff FDIC's Motion to Dismiss the claims of Sterling Savings Bank (**ECF No. 42**). Appearing on behalf of the FDIC was Bruce McDermott. Also participating were: Les Weatherhead and Matthew Crotty on behalf of Plaintiff Sterling Savings Bank; B. Scott Whipple on behalf of Defendant Karen York; Jan Kitchel on behalf of Defendant Kim Capeloto; and Timothy Dack on behalf of Defendant David Kennelly.

On September 12, 2011, the court granted the Moving Defendants' request for expedited stay of the case pending the disposition of the motions now before the court. As a result of the stay, the court has refrained from ruling on the Stipulated Motion to Dismiss filed on September 9, 2011 by Plaintiff, Sterling Savings Bank (ECF No. 59). Sterling therein requests the court to dismiss its claims against Defendants York, Capeloto and Kennelly (hereinafter "the Settling Defendants"), by reason of its settlements of its claims against those Defendants.

## I. BACKGROUND

On January 16, 2009, the Washington State Department of Financial Institutions closed the Bank of Clark County ("the Bank") in Vancouver, Washington and ordered it liquidated. The Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of the Bank.

### A. Sterling Savings Bank State Court Lawsuit

In May 2009, as a result of the Bank's dissolution, Sterling Savings Bank ("Sterling") sued the Clark County Bancorporation ("the Holding Company"), the holding company of the Bank in Spokane County Superior Court. In April 2010, Sterling added as Defendants the Holding Company's and the Bank's mutual directors and officers. Sterling sued in two capacities: as a creditor of the Holding Company and a shareholder of all the shares of the Bank's stock. The factual basis of the suit involves a 2005 loan agreement between Sterling and the Holding Company, and a 2008 transaction in which Sterling had loaned approximately $6 million to the Holding Company. Sterling's claims alleged that the Holding Company and Bank's directors and officers had mismanaged the Bank and committed a breach of fiduciary duties, negligent

ORDER - 2

misrepresentation, negligence, and fraud.

Dispositive motions were filed in the state court action by certain individual Defendants, arguing in part, that the FDIC had the sole right to prosecute the shareholder claims. ECF No. 70, Ex. A. On September 10, 2010, the state court dismissed Sterling's shareholder claims, but denied the motions as to Sterling's rights as a creditor. ECF No. 70 (Weatherhead Decl.), Ex. A. Throughout December 2010 and from January through March, 2011 depositions were taken regarding Sterling's creditor claims against the Defendants.

On May 9, 2011, the FDIC moved to intervene as an additional plaintiff in Sterling's state court suit, also seeking to recover from the Bank's individual directors and officers for their alleged mismanagement of the Bank. In its moving papers, the FDIC had asserted:

> Although the pending action does not involve questions of coverage under an insurance policy, the director and officer insurance policy that will or may cover the individual defendants in this case is part of the subject matter of this action since it is a source of recovery. And, just as the FDIC in Crosby had an interest in the insurance policy in that case, the FDIC has an interest in the insurance policy in this action. Furthermore, because the disposition of the Sterling Savings Bank's claims, and the continued litigation, will deplete the insurance policy, if the FDIC does not intervene in this lawsuit, its primary or sole source of recovery for its claims against the former directors and officer of The Bank will be adversely affected. As a result, the FDIC will suffer economic loss.

On May 20, 2011, state court Judge Kathleen O'Connor heard oral arguments on the FDIC's motion to intervene in the case. She also heard Defendants Capeloto and York's motions for summary judgment and motions to compel. A partial transcript of the hearing is part of the record herein at ECF No. 74. At the hearing, Mr. Leatham, counsel for the Moving Defendants, suggested to Judge O'Connor that she enter "a conditional order" where the court "orders us to go to mediation on all the claims" within a 60-day time frame and "conditionally grants FDIC's motion to intervene" on the mediation. Mr. Leatham urged the court to "shoot us off to heavy hitterville and see if we can wrap this up." ECF No. 74, Ex. 1 at 7-8. There is no evidence that this was the ultimate decision adopted by Judge O'Connor. Judge O'Connor apparently set forth her

ruling orally (no transcript was provided of the court's oral findings) and then set a further hearing for counsel to present proposed orders.

On June 3, 2011, Judge O'Connor held a telephonic hearing for the presentment of orders following the May 20, 2011 hearing. Judge O'Connor stated her intent to sign (1) Mr. McDermott's proposed order which would allow FDIC to intervene and (2) Mr. Weatherhead's proposed order which would deny the summary judgment motions of York and Capeloto and require mediation. ECF No. 38, Ex. D at 53. When Judge O'Connor asked about the status of mediation efforts, Mr. Weatherhead responded: "We heard from Mr. Sauer....he's trying to establish a time with the mediator that's preferable to the carrier that he represents" and "I made it clear to him that we understood the court had ordered it, and we intended to move forward with that pursuant to the court's order." *Id.* Judge O'Connor did not discuss any conditions of the FDIC's intervention or provide details regarding the ordered mediation. See ECF No. 38, Ex. D.

Judge O'Connor signed the two orders discussed. One allowed the FDIC to intervene. ECF No. 46 at 6. That order states: "The FDIC's Motion to Intervene is hereby GRANTED, on condition that the FDIC will not remove this case to federal court before June 8, 2011, allowing time for entry of orders to be presented on June 3, 2011, relating to other motions already decided by this Court." The other order denied the Capeloto's and York's summary judgment motions on Sterling's claims and stated "[t]he parties are ordered to mediation." ECF 38, Ex. E.

**B. Settlement Talks**

Prior to the FDIC's intervention, Sterling had engaged in three failed mediations with the then Defendants (April 8, 2010; August 2010; and October 2010). After the FDIC's intervention, Sterling continued in its settlement discussions with individual Defendants, although no further formal mediation has taken place. Sterling had negotiations with attorney Roger Sauer, separate counsel for third party insurance carrier OneBeacon, which has issued liability insurance policy covering directors, officers and employees of the Bank. ECF 72 [Sauer Decl.] at 1. OneBeacon is not a direct party to

ORDER - 4

this action. Sterling and Defendants Capeloto, York, and Kennelly reached a settlement agreement, which was signed on August 29th and August 30, 2011. The settlement calls for Sterling to dismiss the claims against the Settling Defendants, in return for the payment of money. ECF No. 54; 72 [Sauer Decl.] at 3 n.5.

The provisions of the settlement allow for any of the Moving Defendants to "opt into" the settlement "for no additional consideration to be paid by non-party One Beacon" and for a full release of all claims of Sterling against them. ECF No. 64 at 2. The Moving Defendants have not opted to participate in this settlement, instead taking the position herein that all parties must participate in "global mediation" before any settlement of any claims, including the settlement that has been reached between Sterling and the three individual Settling Defendants.

### C. Removal and Pending Motions

On June 8, 2011, this matter was removed to federal court by the FDIC.

On June 21, 2011, the FDIC filed its intervenor Complaint asserting claims of mismanagement against the same individual Defendants as in the Sterling action, with the exception of Defendants York and Capeloto.

On August 17, 2011, the Moving Defendants filed their Motion to Compel Mediation and/or Remand.

On August 19, 2011, this court denied the FDIC's Motion to Change Venue.

On August 29, 2011, FDIC moved to dismiss all of Sterling's claims arguing that the claims lack merit and that FDIC has the exclusive right to pursue claims against the former officers and directors of the Bank. ECF No. 44.

On September 7, 2011, the Moving Defendants filed a Motion to Stay Proceedings and for Clarification of the state court's mediation order. ECF No. 49.

## II. MOVING DEFENDANTS' MOTIONS

Both of the Moving Defendants' motions (Motion to Compel Mediation and/or Remand and Motion to Stay Proceedings) claim the state court ordered mediation has yet to occur, even though non-moving Settling Defendants, York, Capeloto and Kennelly,

ORDER - 5

have entered into non-mediated settlements with Sterling. The Moving Defendants' first motion asks the court to compel the parties to participate in a "global" mediation (to resolve all claims with both Sterling and the FDIC) or alternatively, remand the case to state court. The remaining portion of the Moving Defendants' Motion to Stay asks that the court "[a]t a minimum,...clarify whether any contemplated agreement between Sterling and OneBeacon may proceed in light of the orders issued in the state court action."

**A. FDIC's Intervention was not Conditioned upon Mediation**

The Moving Defendants assert the parties are in a "substantive and procedural quagmire" because they have failed to engage in mediation as ordered by the state court. The Moving Defendants argue that this court should give effect to the state court's order requiring mediation and order the parties to "immediately participated in global mediation or judicial settlement conference" or, alternatively, to remand the case to state court for further proceedings.

"Whenever any action is removed from a state court to a district court of the United States . . . all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."28 U.S.C. § 1450 (2006). "After removal, the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974) (internal citations omitted). "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . . ." *Id*. at 437. "The full force and effect provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the order would have had in state court." *Id.* at 436. In *Granny Goose*, the Court held that § 1450 serves "two basic purposes." It promotes judicial economy " by providing that pleadings filed in state court, for example, need not be duplicated in federal court." *Id*. at 435-36. Second, § 1450 "ensures that interlocutory orders entered by the state court to protect

ORDER - 6

various rights of the parties will not lapse upon removal." *Id*. at 346.

The *Granny Goose* court favorably cited *Ex parte Fisk*, 113 U.S. 713 (1885). *Id*. at 437. In *Fisk*, the Court held that a state court order requiring a party to take the deposition of a witness was not binding on the federal court after removal. *Fisk*, 113 U.S. at 725. The *Fisk* Court, interpreting the predecessor of § 1450, reasoned that the federal court had full power over such orders. *Id*. The Court further stated that the party responsible for removal "has a right to have its further progress governed by the [federal] court . . . and if one of the advantages of . . . removal [is] an escape from the [state court order requiring deposition], [the party] has a right to that benefit . . . ." *Id*. at 726.

Under the standards established in *Granny Goose* and *Fisk*, this court has wide latitude under § 1450 to determine what effect, if any, to give the state court order requiring the parties to submit to mediation. In the case at bar, the state court order to mediate simply states that "the parties are ordered to mediation." ECF No. 38 at 61. Despite the Moving Defendants' arguments to the contrary, there does not appear to be anything in the record that suggests the order to mediate was a condition to the FDIC's intervention. The state court order does not provide time limits or any other guidance to the parties regarding the mediation. Given the vagueness of the state court's order and this court's broad discretion under § 1450 to determine what effect to give the state court order, it is up to this court to determine if the issues in this case justify ordering the parties to mediate and dictating when it is to occur and in what format.

All three Settling Defendants claim they have a right to settle the non-shareholder Sterling claims against them and that their settlement should not be delayed in order to participate in a further mediation on these claims along with the FDIC's claims. Defendants York and Capeloto specifically assert that since there are no claims asserted by the FDIC against them, requiring them to continue to defend in this lawsuit and spend additional resources to mediate would be highly prejudicial.

The court will not order the settling parties to mediation based upon the state court's order prior to the settlement of any claims. The parties may agree to mediate,

ORDER - 7

however, none of the Defendants are prohibited from resolving their dispute through a non-mediated settlement.

**B.     Remand is Inappropriate where the FDIC is a Party**

The Moving Defendants alternatively urge the court to remand this case to state court "for further proceedings before Judge O'Connor." There is no authority for this proposition.

Two statutory provisions authorize remand after removal. First, 28 U.S.C. § 1447(c), provides, in relevant part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Under 28 U.S.C. § 1441(c), a district court may remand a case when "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 . . . is joined with one or more otherwise non-removable claims or causes of action." A district court "has no discretionary authority to remand a case over which it has subject matter jurisdiction." *Buchner v. FDIC*, 981 F.2d 816, 817 (5th Cir. 1993). *See also Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976) (holding a district court "exceeds its authority in remanding on grounds not permitted by 1447(c).").

Cases in which the FDIC is a party are given a unique status: "'Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." *Buchner*, 981 F.2d at 818 (citing 12 U.S.C. § 1819(b)(2)(A)). Under subparagraph (D), actions involving FDIC shall not be deemed to arise under the laws of the United States when the FDIC (1) acts solely "as receiver of a State insured depository institution by the exclusive appointment by State authorities," and (2) is "a party other than . . . a plaintiff." 12 U.S.C. § 1819(b)(2)(D)(I). "So long as FDIC's intervention has not been stricken or dismissed, FDIC is a party to the action, with the consequence that the litigation shall be deemed to arise under the laws of the United States." *Bank One, Texas, Nat. Ass'n v. Elms*, 764 F. Supp. 85, 88 (N.D. Tex. 1991) (internal citations omitted); *see also King v. Crossland Sav. Bank*, 111 F.3d 251, 256 (2d Cir. 1997) (noting

12 U.S.C. § 1819(b)(2) "'is part of a comprehensive scheme enacted by Congress to serve and promote incontestably federal goals on a comprehensive basis.").

The Ninth Circuit has recognized the importance of uniformity with other circuits when it comes to rules governing remand and removal of FDIC. In *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992), the court stated,

> uniformity among the circuits in matters having general application to the various states is preferable as long as individual justice is not sacrificed. It is desirable to have uniform rules governing remand and removal of cases involving the FDIC because substantial problems arising from the failure of savings and loan associations make the FDIC a frequent litigant before federal courts.

*Maniar*, 979 F.2d at 785.

Defendants' motion is Denied. This court does not have discretion to remand the case. *See Buchner v. FDIC*, 981 F.2d at 817. Under 12 U.S.C. § 1819(b)(2)(A), cases in which the FDIC is a party "shall be deemed to arise under the laws of the United States." Furthermore, the exception to this general rule, found in 12 U.S.C. § 1819(b)(2)(D)(I), does not apply because FDIC is a Plaintiff in this case.

### C. Conclusion as to the Moving Defendants' Motions

For the reasons set forth above, the Moving Defendants' Motion to Compel Mediation or for Remand (**ECF No. 36**) is **DENIED**. The Moving Defendants' Motion to Stay and for Clarification (**ECF No. 49**) is **DENIED in part** and **GRANTED in part**: It is denied as to the request for further stay of these proceedings; the Motion is granted to the extent the court has clarified that no party is precluded from entering into a non-mediated settlement. The court will lift the previously imposed stay.

### III. FDIC's Motion to Dismiss

The FDIC's Motion to Dismiss asks the court to 1) confirm the state court's dismissal of Sterling's shareholder claims (as to all defendants); and 2) re-analyze whether summary judgment is appropriate as to the Sterling's creditor claims – even though the state court already considered and denied dispositive motions asserting some of the same arguments the FDIC presented to this court. Notwithstanding the state court decision, the FDIC urges the court to consider its Motion because it addresses the decision of *Annechino v. Worthy*, 252 P.3d 415 (Wash.App., Div. 2, 2011)( a case

ORDER - 9

involving claims of breach of fiduciary duty by officer and directors of the Bank) and because it raises certain arguments not raised in the prior state court motions. The Moving Defendants have filed a notice of non-objection to the FDIC's motion. Sterling opposes the Motion and argues the FDIC "cannot now hit 'rewind' and undo the legal and factual findings the Spokane Superior Court made."

A.  **Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b) (6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, ––– U.S. –––, –––, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content

of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

B. Analysis

1. Sterling's Shareholder Claims

FDIC has moved to dismiss Sterling's shareholder-based claims under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), because under that Act, the FDIC has acquired the claims and interests of all shareholders. In September 2010, Judge O'Connor dismissed Sterling's shareholder claims in this lawsuit, apparently on these exact grounds. However, the state court order was not clear that the dismissal applied to all Defendants. The court hereby clarifies that order and finds that Sterling's shareholder claims are dismissed as to all Defendants.

2. Sterling's Creditor Claims

The FDIC also moves to dismiss Sterling's claims brought in its capacity as a creditor of the Holding Company which are: breach of fiduciary duty; negligent misrepresentation; negligence; and fraud. ECF No. 1.

  *a. Sterling's Claims against the Holding Company and the Holding Company's Officers/Directors*

Sterling argues its claims are not derivative of the Bank, but only relate to the Holding Company to whom Sterling lent its money. A threshold question is therefore whether the FDIC has standing to purse its Motion to Dismiss as the receiver for the Bank, which is a different corporation than the Holding Company. Sterling urges the court to deny the FDIC's motion on the basis that the FDIC lacks standing to pursue dismissal on behalf of the Holding Company and the individual defendants in their capacities as officers of the Holding Company. The Holding Company is not an insured of FDIC, the FDIC is not the receiver for the Holding Company, and Sterling argues the FDIC has no exclusive claim to the assets of the holding company. The FDIC did not address this important threshold question in its Reply brief.

Under FIRREA, the FDIC succeeds to the rights of the Bank only. Therefore, where Sterling is suing to vindicate a tort against the holding company, FIRREA is not

ORDER - 11

invoked. *See Lubin v. Skow*, 382 Fed.Appx., 866 (11th Cir. 2010)(unpublished) (FIRREA did not apply to breach of fiduciary claims against officers of holding company); *In re Colonial BancGroup, Inc.*, 436 B.R. 713 (Bkrtcy.M.D.Ala.,2010) (FDIC is not the federal agency responsible for regulating a bank holding company); *see also, First Annapolis Bancorp., Inc. v. U.S.*, 56 Fed.Cl. 206, (FDIC could not establish standing to intervene in breach of contract suit brought by former holding company of thrift by asserting ownership of holding company's lost profits claim).

The court Denies this Sterling creditor claim portion of the FDIC's Motion to Dismiss because the FDIC lacks standing to pursue the dismissal of the creditor claims Sterling makes against the Holding Company and the individual officers of the Holding Company. However, as noted by the FDIC, Sterlings' claims against the individual Defendants are not confined to the Holding Company. Sterling's Complaint sues the individual Defendants as directors and officers of both the Holding Company and the Bank. The FDIC argues in its Reply that given Sterling's position, its claims against the Defendants in their *Bank* capacities should be dismissed . Sterling did not address this contention at oral argument and the nature of Sterling's claims against the Bank officers is not clear. Perhaps Sterling's position is that all its losses are incidental to, and flow from the Holding Company's injury, and the Bank officers are also responsible for causing the Holding Company separate harm. Or perhaps, Sterling's claims against the Bank officers stem solely from their management of Bank assets, in which case the claimed harm would be derivative of or inseparable from the harm done to the Bank. Sterling shall supplement its response to the FDIC's Motion to Dismiss within seven (7) days of this Order to address *only* the FDIC's argument regarding Sterling's claims against the individuals in their capacities as *Bank* officers and directors.

**IV. CONCLUSION AND ORDER**

**Accordingly, IT IS HEREBY ORDERED:**

1. The Moving Defendants' Motion to Compel Mediation or for Remand (**ECF No. 36**) is **DENIED**.

ORDER - 12

2. The Moving Defendants' Motion to Stay Proceedings and for Clarification (**ECF No. 49**) is **GRANTED IN PART** and **DENIED IN PART**. The previously imposed stay is lifted. The parties may engage in mediation, but are not required to and are not precluded from entering into non-mediated settlements. Sterling and the Settling Defendants are not precluded from finalizing their settlement.

3. The FDIC's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and **RESERVED IN PART** (**ECF No. 42**). Sterling's shareholder claims are dismissed as to *all* Defendants. Sterling's creditor claims shall remain. Sterling shall supplement its response within seven (7) days of this Order to address the FDIC's argument concerning Sterling's claims against the individual Defendants in their capacities as Bank officers and directors.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated this 12th day of October, 2011.

*Justin L. Quackenbush*
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE